**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LATOYA OLEAVER VINH JOHNSON,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-227-P** |
| | § | |
| **CRANE WORLDWIDE LOGISTICS, LLC** | § | |
| ***Defendant.*** | § | |

**AMENDED[1] FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pending before the Court is Defendant Crane Worldwide Logistics, LLC ("Defendant")'s Rule 12(c) Motion for Judgment on the Pleadings (the "Motion for Judgment on the Pleadings") [doc. 43], filed July 31, 2026. Having carefully considered the motion and response, the Court **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings be **DENIED**.

Plaintiff filed her Original Complaint in this Court on February 27, 2026. (Plaintiff's Original Complaint ("Original Complaint") [doc. 1].) On May 20, 2026, with leave of this Court, Plaintiff filed her First Amended Complaint, which does not refer to or adopt the Original Complaint. (Plaintiff's First Amended Complaint ("Amended Complaint") [doc. 26].) As noted by the Plaintiff Latoya Oleaver Vinh Johnson ("Plaintiff") in her Response, Defendant's Motion for Judgment on the Pleadings only references the Original Complaint. (Plaintiff's Response in Opposition to Defendant's Rule 12(c) Motion for Judgment on the Pleadings [doc. 59] at 1.).

"[T]he general rule [is] that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). As stated

---

[1] This Findings, Conclusions, and Recommendation Regarding Defendant's Motion for Judgment on the Pleadings has been amended to correct the date by which the parties' objections are due.

above, Defendant's Motion for Judgement on the Pleadings references the Original Complaint, not the Amended Complaint. The Amended Complaint does not refer to or adopt the Original Complaint. Therefore, the Original Complaint is not the active pleading in this proceeding. The Court may not grant a Motion for Judgment on the Pleadings for a pleading that has been superseded and is inactive. *Cf. Jackson v. Sweat*, No. 6:21-CV-323, 2024 WL 1202721 at *1 (E.D. Tex. Feb. 5, 2024), *R. & R. adopted*, 2024 WL 1198862 (E.D. Tex. Mar. 19, 2024) ("A motion to dismiss that is addressed to the nullified original complaint is therefore moot, because no relief can be granted based upon the original complaint.").

Accordingly, the Court **FINDS** and **CONCLUDES** that Motion for Judgment on the Pleadings is insufficient. Consequently, the Court **RECOMMENDS** that Defendant's Motion for Judgement on the Pleadings be **DENIED**. Defendant may, if it desires, file an Amended Motion for Judgment on the Pleadings.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 10, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED August 27, 2026.



JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE